UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MARJORIE J. RINEHOLD, | ) ) ) | |
| Plaintiff, | ) ) | 3:10-cv-0476-LRH-VPC |
| v. | ) ) | ORDER |
| INDYMAC BANK, FSB; et al., | ) ) | |
| Defendants. | ) ) ) | |

Before the court is defendant Quality Loan Service Corporation's ("Quality") motion for summary judgment (Doc. #7[1]) to which defendants Merscorp, Inc. ("Merscorp"); and Mortgage Electronic Registration Systems, Inc. ("MERS") joined (Doc. #16).

Also before the court is defendant Onewest Bank, FSB's ("Onewest") motion to dismiss. Doc. #14.

**I.  Facts and Procedural History**

In September, 2006, Rinehold purchased real property through a mortgage note and deed of trust originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Rinehold defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Rinehold filed a complaint in state court against defendants alleging eleven

---

[1] Refers to the court's docket entry number.

causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations; (4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #1, Exhibit 2. Thereafter, defendants filed the present motions for summary judgment and to dismiss. Doc. ##7, 14.

**II.    Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

    **A.  Debt Collection Violations**

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, Rinehold's complaint asserts that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Further, the legislative history of the FDCPA conclusively indicates that a debt collector does not include a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *See* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Ad.NEws 1965, 1968.

In this action, the FDCPA is inapplicable because the defendants are not debt collectors as defined by the statute. As defendants did not violate the FDCPA by initiating non-judicial foreclosure proceedings upon plaintiffs' default of the mortgage note, defendants did not in turn violate NRS § 649. Accordingly, the court shall grant moving defendants' motions as to this claim.

**B. Nevada Unfair and Deceptive Trade Practices Act**

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). Rinehold alleges that defendants violated the statute by recording the underlying notice of default without having a state business license.

Here, defendant Quality acted as the foreclosure trustee in this matter. A foreclosure trustee does not have to be licensed to record a notice of default because a foreclosure trustee is not a debt collector. *See e.g., Hulse*, 195 F. Supp. 2d 1188; *Charov*, 2010 U.S. Dist. LEXIS 65798. Further, Rinehold has failed to allege why or how the remaining moving defendants conducted business as a debt collector that should have been licensed. As such, defendants are entitled to judgment as a matter of law that they did not violate Nevada's Unfair and Deceptive Trade Practices Act.

**C. Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Here, moving defendants were not involved in the origination of Rinehold's mortgage loan. A defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009).

**D. Breach of Good Faith and Fair Dealing**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

4

unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, Rinehold alleges that defendants breached the implied covenant because they misrepresented the cost of credit involved in the loan agreement. However, moving defendants were not a party to the origination of the loan. Thus, moving defendants could not have misrepresented any portion of the loan agreement. Accordingly, the court shall grant defendants' motions as to this issue.

**E.  NRS 107.080**

Rinehold argues that defendants violated NRS 107.080 by not complying with the applicable provisions in NRS 107.086 and 107.087 concerning recordation and mailing of the notice of default. However, the court has reviewed the documents and pleadings on file in this matter and finds that the chain of title shows that Quality, as the foreclosure trustee and nominee of the beneficiary, substantially complied with the provisions of NRS 107.080 in causing the notice of default to be recorded and in mailing a copy of the notice of default by certified mail. *See e.g., Gomez v. Countrywide Bank, FSB*, 2009 U.S. Dist. LEXIS 108292, * 5 (D. Nev. 2009).

Additionally, recordation and mailing of a notice of default is not a violation of the FDCPA because it is not an attempt to collect the debt from the borrower. *See Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1143-1144 (D. Utah 2006). As such, Quality did not need to be licensed to have the notice of default recorded. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010). Accordingly, the court shall grant defendants' motion as to this claim.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, no defendant claims an interest in the property that is

5

1 adverse to Rinehold's interest. Therefore, Rinehold has no grounds to quiet title against moving
2 defendants.

### G. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Rinehold fails to allege anything more than defendants omitted important information from her loan documents and made misrepresentations about her loan during the loan process. However, there are no allegations of who failed to provide the information or what information was not provided. Further, Rinehold fails to allege any facts to support misrepresentations made during the loan process against moving defendants who were not a party to the origination of the loan. Therefore, the court finds that Rinehold's allegations are insufficient to support her claims for fraud.

### H. Unjust Enrichment

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods. Corp. v. All Star Ready Mix*, 898 P.2d 699, 700 (Nev. 1995). However, an action for unjust enrichment cannot stand when there is an express written contract which guides that activities of the parties. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

Here, there was a written contract between the parties, namely, the deed of trust and mortgage note. These documents guided the interactions, obligations, and rights of the parties. As

such, Rinehold cannot make a claim in equity for actions that are controlled by a contract to which she is a party. *See LeasePartners Corp.*, 942 P.2d at 187-88.

In opposition, Rinehold argues that there is no direct contract between herself and moving defendants as loan servicers and foreclosure trustees and that her claim for unjust enrichment is based on moving defendants retention of monetary benefits related to their services despite the lack of an express contract authorizing their retention of these benefits. However, the loan servicers and foreclosure trustees' rights to conduct a non-judicial foreclosure and retain money from servicing the loan arise from the mortgage note, deed of trust, and subsequent transfers of rights related to these documents to which Rinehold is a party. Accordingly the court shall grant defendants' motion as to Rinehold's claim for unjust enrichment.

### I. Injunctive and Declaratory Relief

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not a separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Rinehold's claims fail to establish any claim for relief. Accordingly, Rinehold is not entitled to injunctive or declaratory relief.

///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #7) is GRANTED. Defendant Quality Loan Service Corporation, and joining defendants Merscorp, Inc.; and Mortgage Electronic Registration Systems, Inc. are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Doc. #14) is GRANTED. Defendant Onewest Bank, FSB is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 4th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE