UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARJORIE J. RINEHOLD,

    Plaintiff,

v.

INDYMAC BANK, FSB; et al.,

    Defendants.

3:10-cv-0476-LRH-VPC

ORDER

    Before the court is plaintiff Marjorie J. Rinehold's ("Rhinehold") motion for reconsideration of the court's January 4, 2011 order of dismissal (Doc. #20[1]). Doc. #21.

    Also before the court is defendant OneWest Bank, FSB's ("OneWest") motion to expunge lis pendens. Doc. #24.

**I.    Facts and Procedural History**

    In September, 2006, Rinehold purchased real property through a mortgage note and deed of trust originated by defendant Indymac Bank, F.S.B. ("Indymac"). Eventually, Rinehold defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

    Subsequently, Rinehold filed a complaint in state court against defendants alleging eleven causes of action: (1) injunctive relief; (2) declaratory relief; (3) debt collection violations;

---

[1] Refers to the court's docket entry number.

(4) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (5) Nevada Unfair Lending Practices Act, NRS 598D.100; (6) breach of good faith and fair dealing; (7) NRS 107.080; (8) quiet title; (9) fraud through omission; (10) fraud in the inducement; and (11) unjust enrichment. Doc. #1, Exhibit 2.

In response, defendants filed a motion for summary judgment (Doc. #7) and a motion to dismiss (Doc. #14) which were granted by the court (Doc. #20). Thereafter, Rinehold filed the present motion for reconsideration of the court's order of dismissal. Doc. #21.

**II.     Motion for Reconsideration (Doc. #21)**

Rinehold brings her motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Rinehold argues that the court misapplied the legal standard concerning her claims and therefore the court's order of dismissal was clearly erroneous. *See* Doc. #21. However, the court finds that Rinehold has failed to meet her burden for reconsideration under Rule 59. She has not identified any intervening change of controlling law, any misapplication of precedent, or any other legal error underlying the court's order. Further, she has not identified any newly discovered evidence or relevant facts suggesting manifest injustice. Rather, Rinehold provides the court with the same arguments and legal authority, including two unpublished non-precedential state district court decisions, contained in her opposition to the motion for summary judgment and motion to dismiss. "Reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) Accordingly, the court shall deny Rinehold's motion to reconsider.

**III.    Motion to Expunge Lis Pendens (Doc. #24)**

Defendant OneWest requests the court expunge the lis pendens recorded on the subject property by plaintiff Rinehold. *See* Doc. #24. The court has reviewed the documents and pleadings on file in this matter and finds that good cause exists to expunge the lis pendens. Accordingly the court shall grant OneWest's motion to expunge.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #21) is DENIED.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #24) is GRANTED. Defendant shall have ten (10) days after the issuance of this order to file an appropriate order with the court expunging the lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 6th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE